# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MINITAB, INC.** | : | No. _____ |
| Plaintiff, | : | |
| *vs.* | : | |
| | : | |
| **ENGINEROOM, LLC,** | : | |
| Defendant. | : | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Minitab, Inc. ("Minitab"), by and through its undersigned counsel, for its complaint against EngineRoom, LLC ("EngineRoom"), alleges as follows:

### NATURE OF THE ACTION

1. This is a claim for declaratory judgment of patent non-infringement and invalidity of U.S. Patent Nos. 8,046,190 ("'190 patent") and 8,050,888 ("'888 patent") (collectively, "patents-in-suit").

### PARTIES

2. Plaintiff Minitab, Inc. is a Pennsylvania corporation with its principal place of business at Quality Plaza, 1829 Pine Hall Rd., State College, PA 16801-3008.

3. Defendant EngineRoom is an Ohio limited liability company with its principal place of business at 9984 Brewster Lane, Suite 150, Powell, Ohio 43065.

## JURISDICTION AND VENUE

4. Minitab's claim for declaratory judgment relief arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this complaint under 28 U.S.C. § 1338.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Minitab's claims occurred within this district, EngineRoom's contacts are sufficient to subject it to personal jurisdiction in this District, and EngineRoom and its affiliated company MoreSteam.com LLC ("MoreSteam") engage in significant business activities within this district.

## FACTUAL ALLEGATIONS

6. Minitab is engaged in the design, development, and distribution of software.

7. On information and belief, EngineRoom makes and distributes data analysis software under the ENGINEROOM name and other trademarks.

8. On information and belief, William M. Hathaway incorporated both EngineRoom and MoreSteam.

9. Minitab currently distributes Minitab 16, a statistical software package which it designed and developed. Minitab 16 was first released for public

purchase in 2010. Included in Minitab 16 is an Assistant feature, which guides the user through an analysis.

10. On June 9, 2010, MoreSteam initially approached Minitab with regard to the possibility of Minitab's licensing U.S. Patent No. 7,725,291 ("'291") from MoreSteam.

11. Minitab did not engage in negotiations in 2010 with MoreSteam, and MoreSteam did not pursue the licensing proposal any further.

12. On October 25, 2011, the '190 patent issued and was assigned to MoreSteam for an invention relating to a method of automated hypothesis testing. The '190 patent is a continuation of the '291 patent. A copy of the '190 Patent is attached hereto as Exhibit 1 and made a part of this complaint.

13. On November 1, 2011, the '888 patent issued and was assigned to MoreSteam for an invention relating to a method of automated hypothesis testing. The '888 patent is also a continuation of the '190 patent. A copy of the '888 Patent is attached hereto as Exhibit 2 and made a part of this complaint.

14. EngineRoom LLC has previously advised Minitab that it purportedly now owns, by assignment, both the '190 patent and the '888 patent.

15. Two years after MoreSteam's initial contact as to the '291 patent, EngineRoom wrote to Minitab on June 8, 2012, again asking to speak about a

licensing opportunity with respect to the '190 and '888 patents. On July 24, 2012, the parties arranged to meet in-person at a later date.

16. On August 27, 2012, the day before a previously scheduled licensing negotiation meeting between the parties occurred, EngineRoom filed suit against Minitab alleging infringement of the patents-in-suit.

17. The next day, August 28, 2102, the parties and their respective counsel met in-person in Palo Alto, California to discuss licensing, whereupon EngineRoom made a lump sum offer to Minitab that Minitab could license, *inter alia,* the patents-in-suit.

18. Minitab declined EngineRoom's offer on September 24, 2012 via correspondence from undersigned counsel's law firm.

19. Shortly thereafter, on October 5, 2012, EngineRoom voluntarily dismissed its suit without prejudice.

20. In a phone conversation later on October 5, 2012 between counsel for Minitab and EngineRoom, when Minitab asked why the compliant had not been dismissed with prejudice, EngineRoom stated that it could not give assurance that it would not file suit again in the future and that it would not disclose the details of its rationale for voluntarily dismissing the case at that time.

# COUNT 1: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NOS. 8,046,190 AND 8,050,888

21. Minitab incorporates by reference and re-alleges Paragraphs 1-20 as if fully set forth herein.

22. As a result of the above-described communications from EngineRoom, Minitab is in apprehension that EngineRoom will commence another action against it or its customers for infringement of the patents-in-suit.

23. An actual and justiciable controversy exists between Minitab and EngineRoom as to Minitab's alleged infringement of the patents-in-suit by the Minitab 16 product.

24. Minitab's sale and offers to sell its Minitab 16 product in the United States have not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the patents-in-suit.

25. A judicial declaration is necessary and appropriate so that Minitab may ascertain its rights and duties with respect to the patents-in-suit.

26. Minitab is entitled to a judgment declaring that the patents-in-suit are not infringed by the Minitab 16 product.

## COUNT 2: DECLARATION OF INVALIDITY OF U.S. PATENT NOS. 8,046,190 AND 8,050,888

27. Minitab incorporates by reference and re-alleges Paragraphs 1-26 as if fully set forth herein.

28. The patents-in-suit are invalid for failure to meet the conditions of patentability of and to otherwise comply with one or more of 35 U.S.C. § 100 et seq., including but not limited to 101, 102, 103, 112, and 252.

29. For example, the patents-in-suit attempt to cover otherwise unpatentable subject matter under § 101 by simply adding a computer limitation.

30. The claims of the patents-in-suit are anticipated and/or rendered obvious under §§ 102 and 103 by at least numerous product prior art references including, but not limited to: (a) Six Sigma Academy: Introduction to Hypothesis Testing (2001); (b) SPSS 12.0 for Windows (2003); and (c) Statgraphics Centurion XV Version 15.0.04 (2005).

31. An actual case or controversy exists between Minitab and EngineRoom as to whether the patents-in-suit are invalid.

32. A judicial declaration is necessary and appropriate so that Minitab may ascertain its rights and duties with respect to the patents-in-suit.

## PRAYERS FOR RELIEF

WHEREFORE, Minitab requests judgment against EngineRoom and respectfully prays that this Court enter orders that

1. declare that Minitab has not committed any act of direct and/or indirect infringement of the patents-in-suit either literally or under the doctrine of equivalents with respect to products that Minitab makes, uses, imports into the United States, offers for sale or sells, including specifically, but not limited to, Minitab 16;

2. enjoin EngineRoom, its agents, servants, employees and attorneys, and all those in active participation or privity with it, from charging Minitab or its agents, distributors, or customers with infringement of the patents-in-suit, and from otherwise using the patents-in-suit to interfere in any way with Minitab's manufacture, use, import into the United States, offer for sale, of Minitab 16;

3. declare that the claims of the patents-in-suit are invalid;

4. find this case exceptional pursuant to 35 U.S.C. § 285, and award Minitab its reasonable attorney fees, expenses, and costs in this action;

5. award Minitab prejudgment and post-judgment interest; and

6. grant Minitab such other and further relief as the Court deems just and proper.

Minitab demands trial by jury on all claims so triable.

> Respectfully submitted,
>
> **K&L GATES LLP**
>
> s/ David R. Fine
> PA66742
> Market Square Plaza
> 17 North Second Street, 18th Floor
> Harrisburg, PA 17101
> (717) 231-4500 (telephone)
> (717) 231-4501 (facsimile)
> david.fine@klgates.com
> *Counsel for Plaintiff*
>
> *Of Counsel for Plaintiff*
> **K&L Gates LLP**
> Bryan J. Sinclair (SBN 205885)
> bryan.sinclair@klgates.com
> Audrey Lo (SBN 253738)
> audrey.lo@klgates.com
> 630 Hansen Way
> Palo Alto, CA 94304
> Telephone: (650) 798-6700
> Facsimile: (650) 798-6701

Case 3:12-cv-03070-JD Document 18 Filed 10/31/12 Page 8 of 8