# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MINITAB, INC. : | |
| : | Case No. 4:12-cv-02170-JEJ-MEM |
| Plaintiff, : | |
| : | Honorable John E. Jones, III |
| v. : | |
| : | |
| ENGINEROOM, LLC, : | |
| : | |
| Defendant. : | |
| : | |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant EngineRoom, LLC ("EngineRoom"), as and for its Answer to Plaintiff's Complaint, states as follows:

### NATURE OF THE ACTION

1.   EngineRoom admits the allegations of paragraph 1 of the Complaint.

### PARTIES

2.   EngineRoom admits the allegations of paragraph 2 of the Complaint, upon information and belief.

3.   EngineRoom admits the allegations of paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      EngineRoom admits the allegations of paragraph 4 of the Complaint.

5.      EngineRoom admits only that venue is proper in this district, but denies further allegations in paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6.      EngineRoom admits the allegations of paragraph 6 of the Complaint upon information and belief.

7.      EngineRoom admits that it distributes software under the ENGINEROOM trademark but denies all further allegations of paragraph 7 of the Complaint.

8.      EngineRoom denies the allegations of paragraph 8 of the Complaint.

9.      EngineRoom admits the allegations of paragraph 9 of the Complaint upon information and belief.

10.     EngineRoom admits the allegations of paragraph 10 of the Complaint.

11.     EngineRoom admits the allegations of paragraph 11 of the Complaint.

12.     EngineRoom admits the allegations of paragraph 12 of the Complaint and further alleges that the '190 patent was assigned to EngineRoom, LLC on August 1, 2012.

13. EngineRoom admits the allegations of paragraph 13 of the Complaint and further alleges that the '888 patent was assigned to EngineRoom, LLC on August 1, 2012.

14. EngineRoom admits the allegations of paragraph 14 of the Complaint and further alleges that the '190 and '888 patents were both assigned to EngineRoom.

15. EngineRoom admits the allegations of paragraph 15 of the Complaint.

16. EngineRoom admits the allegations of paragraph 16 of the Complaint.

17. EngineRoom admits the allegations of paragraph 17 of the Complaint.

18. EngineRoom admits the allegations of paragraph 18 of the Complaint.

19. EngineRoom admits the allegations of paragraph 19 of the Complaint.

20. EngineRoom admits the allegations of paragraph 20 of the Complaint but notes that EngineRoom did not threaten future litigation during the October 5, 2012 telephone conversation.

**COUNT 1: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NOS. 8,046,190 AND 8,050,888**

21. EngineRoom incorporates by reference and re-alleges its answers to paragraphs 1-20 above as if fully set forth herein.

22. EngineRoom lacks information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and, therefore, denies the same.

23. EngineRoom admits the allegations of paragraph 23 of the Complaint.

24. EngineRoom denies the allegations of paragraph 24 of the Complaint.

25. EngineRoom denies the allegations of paragraph 25 of the Complaint.

26. EngineRoom denies the allegations of paragraph 26 of the Complaint.

## **COUNT 2: DECLARATION OF INVALIDITY OF U.S. PATENT NOS. 8,046,190 AND 8,050,888**

27. EngineRoom incorporates by reference and re-alleges its answers to paragraphs 1-26 above as if fully set forth herein.

28. EngineRoom denies the allegations of paragraph 28 of the Complaint.

29. EngineRoom denies the allegations of paragraph 29 of the Complaint.

30. EngineRoom denies the allegations of paragraph 30 of the Complaint.

31. EngineRoom admits the allegations of paragraph 31 of the Complaint.

32. EngineRoom denies the allegations of paragraph 32 of the Complaint.

## **AFFIRMATIVE DEFENSES**

33. Minitab's Complaint fails to state a claim upon which relief may be granted.

34. The '190 and '888 patents were duly and lawfully issued, and are presumed valid.

35. The '190 and '888 patents are not invalid in light of the prior art.

36. Minitab directly infringes the '190 and '888 patents by making, using, selling, and offering to sell its Minitab 16 product.

37. Minitab induces infringement and contributorily infringes the '190 and '888 by aiding, encouraging, or directing others to use the Minitab 16 product which infringes the '190 and '888 patents and has no non-infringing uses.

## COUNTERCLAIM
## PARTIES, JURISDICTION AND VENUE

1. EngineRoom, LLC ("EngineRoom") is an Ohio limited liability company with its principal place of business at 9984 Brewster Lane, Suite 150, Powell, Ohio 43065 and which makes and sells data analysis software under the ENGINEROOM and other trademarks.

2. Upon information and belief, Minitab, Inc. ("Minitab") is a Pennsylvania corporation with its principal place of business at Quality Plaza, 1829 Pine Hall Road, State College, Pennsylvania 16801-3008.

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1338.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial amount of the conduct giving rise to EngineRoom's claims occurred within this District; Minitab's contacts are sufficient to subject it to personal jurisdiction in this District; and Minitab does business within this district.

## SUBSTANTIVE ALLEGATIONS

5. EngineRoom incorporates by reference and re-alleges paragraphs 1-4 of this Counterclaim as if fully set forth herein.

6. On October 25, 2011, United States Patent No. 8,046,190 (the "'190 Patent") was duly and legally issued to MoreSteam.com LLC for an invention relating to a method of data analysis.

7. On November 1, 2011, United States Patent No. 8,050,888 (the "'888 Patent") was duly and legally issued to MoreSteam.com LLC for an invention relating to a method of data analysis.

8. EngineRoom LLC is the owner by assignment of both the '190 Patent and the '888 Patent.

9. Upon information and belief, Minitab has directly infringed EngineRoom's exclusive rights under both the '190 Patent and the '888 Patent since the date the patents issued by making, offering to sell and/or selling products, including the Minitab 16 product, that embody the invention of, and are within the scope of, the '190 Patent and the '888 Patent, and all in violation of 35 U.S.C. §271.

10. Upon information and belief, Minitab has induced infringement of and contributorily infringed the '190 Patent and the '888 Patent since the date the patents issued by instructing, aiding or causing others, including for example end users, to use the Minitab 16 product in a manner that directly infringes the '190 and '888 Patents. Upon further information and belief, the Minitab 16 product has no substantial non-infringing uses.

11. Minitab has had actual notice of the '190 and '888 patents and has continued, notwithstanding such notice, to willfully infringe, induce infringement of and contributorily infringe both the '190 Patent and the '888 Patent, and will continue to do so unless enjoined by the Court.

12. As a direct and proximate result of Minitab's infringements, EngineRoom has suffered injury and damage, which continues to accrue, in an amount to be determined at trial.

WHEREFORE, EngineRoom, LLC prays that the Court enter judgment against Minitab and award the following relief:

1. Dismissal of Minitab's Complaint with prejudice;

2. Preliminary and permanent injunctive relief prohibiting Minitab and its officers, agents, servants, employees, assigns, and those persons in active concert or participation with Minitab, from further infringement of the '190 Patent and the '888 Patent;

3. An award of damages sufficient to compensate EngineRoom for Minitab's infringement of the '190 Patent and the '888 Patent, to be trebled under 35 U.S.C. §284;

4. A declaration that this case is exceptional and an award to EngineRoom of its attorneys' fees under 35 U.S.C. §285; and

5.  An award of costs, interest, fees, and such further relief as the Court deems just and equitable.

>Respectfully submitted,
>
>/s/Bridget E. Montgomery
>Bridget E. Montgomery, Esquire (PA I.D. 56105)
>ECKERT SEAMANS CHERIN & MELLOTT, LLC
>213 Market Street, 8th Floor
>Harrisburg, PA  17101
>Telephone:  717.237.6054
>Facsimile:   717.237.6019
>Email:        bmontgomery@eckertseamans.com
>
>*Of Counsel*
>Katherine W. Schill, Esquire (*pro hac vice pending*)
>Michael Best & Friedrich, LLP
>100 East Wisconsin Avenue
>Suite 3300
>Milwaukee, WI  53202
>Telephone:  414.223.2527
>Facsimile:   414.277.0656
>Email:        kwschill@michaelbest.com

Date: January 7, 2013          Counsel for Defendant, EngineRoom, LLC

## **CERTIFICATE OF SERVICE**

I certify that on this 7th day of January, 2013, I delivered a copy of the foregoing **ANSWER** upon the persons and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

<u>Via Electronic Court Filing and/or U.S. First-Class Mail</u>

David R. Fine, Esquire
K&L Gates LLP
17 North Second Street, 18th Floor
Harrisburg, PA  17101

Bryan J. Sinclair, Esquire
Audrey Lo, Esquire
K&L Gates LLP
630 Hansen Way
Palo Alto, CA  94304


/s/ Bridget E. Montgomery
Bridget E. Montgomery, Esquire
Counsel for Defendant, EngineRoom, LLC