# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MINITAB, INC.** | : | No. 4:12-cv-02170-JEJ |
| Plaintiff, | : | |
| vs. | : | Honorable John E. Jones, III |
| | : | |
| **ENGINEROOM, LLC,** | : | |
| Defendant. | : | |

## ANSWER AND AFFIRMATION DEFENSES OF MINITAB, INC., TO COUNTERCLAIM OF ENGINEROOM, LLC

Plaintiff Minitab, Inc. ("Minitab"), hereby responds to the counterclaim filed by Defendant and Counterclaimant EngineRoom, LLC ("EngineRoom"). Minitab answers and avers as follows. Allegations not expressly admitted herein are denied.

## COUNTERCLAIM
## PARTIES, JURISDICTION, AND VENUE

1.  Minitab admits that EngineRoom is an Ohio limited liability company with its principal place of business at 9984 Brewster Lane, Suite 150, Powell, Ohio 43065. Minitab admits that EngineRoom distributes software under the ENGINEROOM trademark. Minitab denies all further allegations of ¶ 1 of the counterclaim.

2. Minitab admits that it is a Pennsylvania corporation with its principal place of business at Quality Plaza, 1829 Pine Hall Road, State College, Pennsylvania 16801-3008.

3. Minitab admits that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1338.

4. Minitab admits that venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial amount of the conduct giving rise to EngineRoom's claims occurred within this District; Minitab's contacts are sufficient to subject it to personal jurisdiction in this District; and Minitab does business within this district.

## SUBSTANTIVE ALLEGATIONS

5. Minitab repeats and incorporates by reference its responses to ¶¶ 1-4 as though fully set forth herein.

6. Minitab is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 6 of the counterclaim and therefore denies the same.

7. Minitab is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7 of the counterclaim and therefore denies the same.

8. Minitab is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 8 of the counterclaim and therefore denies the same.

9. Minitab denies the allegations in ¶ 9.

10. Minitab denies the allegations in ¶ 10.

11. Minitab denies the allegations in ¶ 11.

12. Minitab denies the allegations in ¶ 12.

WHEREFORE, Minitab denies that EngineRoom is entitled to any of the relief requested in its prayer for relief.

(a) Minitab denies that EngineRoom is entitled to the relief requested in ¶ 1.

(b) Minitab denies that EngineRoom is entitled to the relief requested in ¶ 2.

(c)  Minitab denies that EngineRoom is entitled to the relief requested in ¶ 3.

(d)  Minitab denies that EngineRoom is entitled to the relief requested in ¶ 4.

(e)  Minitab denies that EngineRoom is entitled to the relief requested in ¶ 5.

## AFFIRMATIVE DEFENSES

Without altering the burdens of proof, Minitab asserts the following affirmative defenses to the claims in the counterclaim and reserve the right to amend its answer and affirmative defenses as additional information becomes available.

## FIRST AFFIRMATIVE DEFENSE
[Failure to State a Claim]

13.   EngineRoom fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

[Non-Infringement]

14. Minitab has not infringed, contributed to the infringement of, or induced the infringement of any valid claims of U.S. Patent Nos. 8,046,190 ("'190 patent") and 8,050,888 ("'888 patent").

## THIRD AFFIRMATIVE DEFENSE

[Invalidity and/or Unenforceability]

15. The claims of the '190 and '888 patents are invalid, unenforceable, and/or void for failure to satisfy one of more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 116, 133, 200, 282 et seq, because the alleged inventions thereof are taught by, suggested by, and obvious in view of the prior art, are unsupported by the written descriptions of the patented invention, the written descriptions fail to disclose the best mode of practicing the invention, the claims are directed at unpatentable subject matter, and no claim can validly be construed to cover any Minitab product.

## FOURTH AFFIRMATIVE DEFENSE

[Unclean Hands, Laches, Estoppel, In Pari Delicto, Waiver, Acquiscence]

16. EngineRoom's claims are barred in whole or in part by the equitable doctrines of unclean hands, laches, estoppel, in pari delicto, waiver and/or acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

[Prosecution History Estoppel and Disclaimer]

17. EngineRoom is estopped from asserting its infringement claims against Minitab under the doctrines of prosecution history estoppel and/or prosecution disclaimer.

## SIXTH AFFIRMATIVE DEFENSE

[Limitation of Damages and Recovery]

18. Pursuant to the requirements of 35 U.S.C. §§ 287, EngineRoom's ability to recover damages and/or costs is limited.

## SEVENTH AFFIRMATIVE DEFENSE

[Prosecution History Estoppel and Disclaimer]

19. EngineRoom is estopped from asserting its infringement claims against Minitab under the doctrines of prosecution history estoppel and/or prosecution disclaimer.

## EIGHTH AFFIRMATIVE DEFENSE

[Failure to Properly Plead Willful Infringement]

20. EngineRoom's counterclaim fails to sufficiently allege that Minitab has willfully infringed the '190 and '888 patents. Specifically, EngineRoom fails to allege facts sufficient to demonstrate that Minitab's past, current, or future activities constitute infringement that is willful.

Respectfully submitted,

**K&L GATES LLP**

 s/ David R. Fine
PA66742
Market Square Plaza
17 North Second St., 18th Fl.
Harrisburg, PA  17101
(717) 231-4500 (telephone)
(717) 231-4501 (facsimile)
david.fine@klgates.com

- 8 -

**K&L GATES LLP**
Bryan J. Sinclair (*pro hac vice*)
bryan.sinclair@klgates.com
Audrey Lo (*pro hac vice*)
audrey.lo@klgates.com
630 Hansen Way
Palo Alto, CA  94304
Telephone:  (650) 798-6700
Facsimile:   (650) 798-6701

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that, on January 15, 2013, I filed a copy of the attached document with the Court's ECF system such that the following should receive service automatically:

Bridget E. Montgomery, Esq.
ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street, 8th Floor
Harrisburg, PA 17101

Katherine W. Schill, Esq.
MICHAEL BEST & FRIEDRICH, LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202

s/ David R. Fine

PL-72772 v4